# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **KENNETH H. MARSHALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09CV00065 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER** | ) | United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, Lee & Phipps, PC, Wise, Virginia, for Plaintiff; Kenneth DiVito, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I partially accept the findings and recommendations of the magistrate judge.

Kenneth H. Marshall challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income benefits under Title XVI of the Social Security Act ("Act"), 41 U.S.C.A. §§ 1381-1383d (West 2003 & Supp. 2010). This court has jurisdiction under 42 U.S.C.A. § 405(g) (West 2003 & Supp. 2010) and 42 U.S.C.A. § 1383(c)(3). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed.

R. Civ. P. 72(b). Magistrate Judge Sargent filed a report setting forth her findings and recommendations on August 3, 2010. On August 13, 2010, the Commissioner filed timely written objections to the report. The plaintiff has not responded to the objections, as permitted by Rule 72(b)(2), and the matter is now ripe for decision.

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2006); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

The Commissioner objects to the recommendation of the magistrate judge that the case be remanded to the Commissioner for further consideration, based on the magistrate judge's finding that substantial evidence did not exist to support the administrative determination that Marshall had the residual functional capacity

("RFC") to perform a limited range of sedentary work and thus was not disabled within the meaning of the Act.

The procedural background of Marshall's disability claim and his extensive medical history are set out in the magistrate judge's report. She found that the administrative determination, as described in a decision of the administrative law judge ("ALJ"), was deficient in two respects: (1) that substantial evidence did not support the ALJ's finding that Marshall's alleged mental impairments were nonsevere; and (2) that substantial evidence did not support the ALJ's finding that he had the physical RFC to perform work.

As to the issue of Marshall's mental impairments, the only mental health professional who examined Marshall, Wayne Lanthorn, Ph.D., found that Marshall was suffering from anxiety, depression and borderline intellectual functioning that together would make it "extremely difficult for [him] to function in a competitive 40 hour per week job" (R. at 613). Marshall's primary care physicians, Tiffani White, D.O., and Jody Bentley, D.O., had earlier noted that Marshall suffered from anxiety and depression (R. at 462, 478, 615) and was "very 'stressed' and irritable" (R. at 426). They prescribed medication for these conditions.

The ALJ found that Marshall's mental impairments were not as severe as portrayed by Dr. Lanthorn. The ALJ based this finding on what he found to be

inconsistencies in Dr. Lanthorn's analyses of test results, and the fact that Dr. Lanthorn's one-time evaluation had been obtained by Marshall's attorney for the sole purpose s of this disability case. The ALJ emphasized that he faulted Marshall for not seeking mental health treatment "despite the specific recommendation from Dr. Lanthorn to whom he had paid to evaluate his mental condition." (R. at 31.)[1]

While this court must give deference to the factual findings of an ALJ in social security cases, I agree with the magistrate judge that the record does not support the ALJ's rejection of the medical evidence tending to show a severe mental impairment. Although there were likely some inconsistencies in Dr. Lanthorn's evaluation, the fact that he was a paid expert is not sufficient grounds for discounting his opinion completely. Moreover, Marshall explained to the ALJ at the hearing that he had not known until shortly before the hearing of the contents of Dr. Lanthorn's report, and thus it was not reasonable to have expected Marshall at that time to have sought further mental health treatment.[2]

---

[1] In his written decision, the ALJ placed these words in bold type.

[2] At the hearing, the ALJ castigated Marshall's attorney for failing to advise Marshall of the report earlier:

> ALJ: I guess Mr. Hay [Marshall's attorney] didn't put a lot of confidence in his report not to tell you that he recommended treatment, or even tell you the contents of the report. So I guess, Mr. Hay, I'll give it the same weight you gave it. Continue on, Counsel.

(R. at 54.)

As to the second objection, concerning Marshall's physical RFC, the magistrate judge found that the ALJ was justified in not giving Dr. Bentley's opinion controlling weight. Nevertheless, the magistrate judge found that there was no other medical evidence in the record supporting the ALJ's finding as to Marshall's physical limitations.

After my review of the record, I agree with the Commissioner that there was sufficient evidence supporting this finding, and that the ALJ adequately explained the reasons for his conclusions concerning Marshall's physical limitations. I will thus sustain that objection, although remand is still necessary as to Marshall's mental impairments

Accordingly, I will accept the magistrate judge's finding as to the lack of substantial evidence as to Marshall's mental RFC and adopt her recommendation that the case be remanded for further administrative consideration of that issue.

An appropriate judgment will be entered.

        DATED: October 4, 2010

        /s/ JAMES P. JONES
        United States District Judge